ELIZABETH REILLY, ADMINISTRATRIX, APPELLANT, v. MAYOR AND COMMON COUNCIL OF NEW BRUNSWICK, RESPONDENT.

Submitted December 9, 1918—Decided March 3, 1919.

1. Negligence in the performance of public duties by municipal agents, or instrumentalities, entrusted therewith, is not chargeable against the municipality.
2. A municipality is not liable for damage to an adjoining property caused by a fire which had been negligently kindled and guarded by municipal employes on a dumping ground, used by the municipality for the disposition of waste collected from the streets in accordance with the mandates of its charter.

---

On appeal from the Supreme Court.

For the appellant, *Edmund A. Hayes* and *John P. Kirkpatrick*.

For the respondent, *Thomas H. Hagerty*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  The plaintiff sued to recover damages for the partial destruction of her intestate's residence (during his lifetime) by a fire; her claim being that under the facts proved by her the responsibility of the defendant to answer for such damages is shown.  At the trial of the case the presiding judge, after the testimony was all in, considered that no liability had been shown on the part of the municipality to answer for the loss sustained by the plaintiff's decedent, and directed a verdict against her.  We are now asked to reverse the judgment entered upon that verdict.

Viewed in the light most favorable to the plaintiff the situation disclosed by the evidence was as follows:  The city of New Brunswick was in possession of a tract of land adjacent to the Reilly home, which was used by it as a dumping ground for garbage, and had been so used for many years.  On January 12th, 1914, among other refuse a great number of dry Christmas trees were hauled in the city dump wagons to this ground, and there unloaded, and set fire to by certain city employes.  At this time a high wind was blowing, and the sparks blew across the dumping ground and upon the Reilly home, setting fire to it, and partially destroying it.

The common law rule, with relation to the liability of the occupant of property for a fire communicated from his premises to that of his neighbor, is, that he is not to be held responsible therefor unless he negligently kindles, or negligently guards the fire upon his own premises.  And this rule prevails in our own state.  *Read* v. *Pennsylvania Railroad Co.*, 44 *N. J. L.* 280, 282.  This being so, the liability of the municipality must be predicated upon the negligence of its employes, either in the kindling or the guarding of the fire in question, and the legal obligation of the municipality to answer for such negligence.  The propriety of the judicial action complained of, therefore, must depend upon whether the doctrine of *respondeat superior* applies in a case like that now before us; for, if it does apply, then certainly the proofs in the case entitled the plaintiff to go to the jury on the ques-

tion of the existence, or non-existence, of negligence on the part of the city's employes, and whether it was the natural and proximate cause of the burning of her decedent's home.

This question received careful consideration at the hands of this court in the case of *City of Paterson* v. *Erie Railroad Co., 78 N. J. L.* 592, and the matter was thus dealt with by us. "Municipal corporations are engaged in the performance of public services in which they have no particular interest, and from which they derive no special benefit in their corporate capacity. The persons employed by them in the rendering of such services act as public servants charged with a public duty. They are mere agencies, or instrumentalities, by which such duties are performed, and the doctrine of *respondeat superior* does not apply to such employment." The concrete principle established by this and like decisions is that "negligence in the performance of public duties by municipal agents, or instrumentalities entrusted therewith, is not chargeable against the municipality." The application of this principle led us to hold that the city of Paterson was entitled to recover from the Erie Railroad Company for an injury done to one of the city's fire engines in a collision between it and a railroad train of the defendant, which occurred through the joint negligence of the persons operating the train and the driver of the engine. The same principle was applied by us in the earlier case of *Condict* v. *Jersey City,* 46 *Id.* 157. In that case the suit was brought to recover damages for the death of the plaintiff's intestate, caused by the negligence of an employe of the city whose business it was to haul ashes from in front of the residences of the inhabitants of the municipality to the city's dumping ground, and there empty his cart. The death of the decedent was caused by the negligence of this employe in emptying the cart. We said in that case: "In the execution of the duties of a municipal government the services of inferior officers having only ministerial duties to perform, and of workmen and other employes, are required for the transaction of its business; and * * * with respect to such officers and employes the doctrine of *respondeat superior* does not apply."

By the charter of New Brunswick it is made the duty of the street commissioner to cause the streets to be properly cleaned, and to be kept clean and in good repair. He is put in charge of the collection of all ashes, garbage, refuse and other material, and is authorized to employ, by and under the direction of common council, the necessary force of workmen or laborers to properly collect and dispose of all such ashes, garbage, refuse and other material. The dumping ground is, of course, necessary for the proper performance of the duty thus imposed, and the destruction by fire or otherwise of material that may be thus disposed of is reasonably necessary in order to prevent the dumping ground from becoming overcrowded and thus useless for the purpose to which it is devoted. Plainly, therefore, the employes of the city whose negligence is said to have been responsible for the injury to the Reilly home were engaged in the transaction of public business of the municipality, and, consequently, the defendant is not legally responsible for the careless performance of their duty.

The judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   14.

*For reversal*—None.